UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ANTHONY WILLIAMS,

                Plaintiff,

    v.

DR. VARNELL, et al.,

                Defendants.

Case No. C19-1868-JCC-MAT

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

James Williams is a Washington State prisoner who is currently confined at the Monroe Correctional Complex—SOU ("MCC-SOU") in Monroe, Washington. He has submitted for filing an application to proceed *in forma pauperis* and a proposed civil rights complaint under 42 U.S.C. § 1983. The 16 named defendants are Washington State Department of Corrections ("DOC") administrators at the DOC headquarters in Olympia, Washington; corrections officers and other staff at the Washington State Penitentiary ("WSP") in Walla Walla, Washington; and employees of Disability Rights Washington. (Dkt. 1-1 at 1-2, 4-6.)

Having reviewed plaintiff's IFP application, his proposed complaint, and other relevant court records, the Court concludes that the IFP application should be denied as plaintiff is barred

REPORT AND RECOMMENDATION - 1

under 28 U.S.C. § 1915(g) from proceeding with this action without prepayment of the filing fee.

## II.  BACKGROUND

Plaintiff signed his proposed complaint on October 25, 2019, alleging the following. (Dkt. 1-1 at 36.) Plaintiff has been in solitary confinement for 22 of the last 25 years and suffers from a mental illness called "SHU-syndrome," which is exacerbated by his placement in solitary. (*Id.* at 8-10.) While in solitary, he has been beaten, starved, dehydrated, prevented from sleeping, and exposed to "hypothermic temperatures." (*Id.* at 16.) Between October 2015 and March 2017 he reported the mistreatment to DOC doctors who did not intervene. (*Id.* at 28.) The most serious assault occurred in February 2017 while at the WSP, and the same officers have assaulted him approximately ten times since then. (*Id.* at 16-18.) Defendants are preparing to transfer him back to the WSP "any day now." (*Id.* at 18, 32.)

Since 2015, he has been attempting to litigate the beatings he has suffered at the hands of prison staff, but courts have dismissed his claims under the Prison Litigation Reform Act. (*Id.* at 16.) Defendants constantly transfer him between institutions, forcing him to leave his legal documents behind thereby impeding his efforts to litigate the conditions of his confinement. (*Id.* at 12-14.) Defendants also transfer him between institutions so the Court will conclude that he is no longer in imminent danger and therefore ineligible to proceed IFP. (*Id.* at 8.)

Plaintiff seeks declaratory and injunctive relief, and damages. (*Id.* at 3, 36.)

## III.  DISCUSSION

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed IFP in a civil action if he or she has, on three or more prior occasions, brought civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. A review of

REPORT AND RECOMMENDATION - 2

plaintiff's litigation activities in this District reveals that he has accumulated multiple "strikes" under § 1915(g) over the years. As judges in this District have recognized, *Williams v. Sinclair*, Case No. C19-345-JCC; *Williams v. Sinclair*, Case No. C19-5185-RBL-DWC; *Williams v. Sinclar*, Case No. C19-1584-BJR, plaintiff has brought at least three cases that were dismissed for failure to state a claim. *See Williams v. Portine*, Case No. C11-1214-JCC; *Williams v. Neely, et al.*, Case. No. C15-489-BJR; *Williams v. Collins, et al.*, C15-735-MJP. In addition, plaintiff has brought at least three cases that were dismissed for failure to obey a court order after plaintiff failed to amend deficient complaints and was warned that the failure to do so could result in dismissal of the complaints under § 1915. *See Williams v. Warner*, C17-5615-BHS; *Williams v. Gage, et al.*, C17-6076-RBL; *Williams v. Cogburn, et al.*, C17-6077-BHS. These dismissals also arguably count as strikes under Ninth Circuit precedent. *See Harris v. Mangum*, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Because plaintiff has accumulated at least three strikes, he may not proceed with this action without prepayment of the full filing fee unless his complaint contains "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal citations omitted); *see also id.* at 1050 n.11 (courts may reject assertions of imminent danger that are conclusory and overly speculative). The imminent danger exception requires a prisoner to allege a danger that is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). Plaintiff claims he is in imminent danger because "any day now" he is going to be sent back to the WSP where staff have assaulted him in the past. (Dkt. 1-1 at 18, 22, 32.) Plaintiff filed this action over a month ago, and he has not yet been transferred. Thus his claim of imminent transfer has not been born out. Likewise, his claim that WSP staff will assault him if and when he is returned there is

overly speculative and therefore insufficient to satisfy the imminent danger exception to the § 1915(g) bar. Accordingly, plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

## IV.   CONCLUSION

The Court recommends that plaintiff's IFP application (Dkt. 1) be DENIED and that he be ordered to pay the $400.00 filing fee within 30 days of the order on this Report and Recommendation. Plaintiff should be advised that failure to timely pay the filing fee will result in dismissal of this action. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 10, 2020**.

Dated this 19th day of December, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4